## JOSEPH GILBERT v. HIRAM EARL.

### Former Recovery. Evidence. Costs.

In assumpsit before a justice, the defendant therein relied in defence wholly upon showing a settlement of the plaintiff's claim, and expressly refused to present any claim in offset, or to submit any question for the determination of the justice, except the question of settlement. On cross-examination the defendant was inquired of and testified as to certain items of deal between him and the plaintiff, and the plaintiff testified as to the same matter. The justice, finding those items credited to the defendant on the plaintiff's book, allowed them to the defendant in offset, and rendered judgment for the plaintiff for the balance, from which no appeal was taken. *Held*, in a suit by that defendant against that plaintiff, that those items were barred by that judgment.

When the record of a judgment does not show of what the judgment was made up, it is competent to show that fact by evidence *aliunde*.

All the items of the plaintiff's account were litigated before the auditor. On one of them he prevailed, and on two he failed. The defendant filed a plea in offset at the term at which the auditor's report was filed, on which he prevailed, and judgment was rendered in his favor for a balance. The final hearing was not delayed because the plea was not earlier filed, and no more costs were made before the auditor in litigating all the items of the plaintiff's account than would have been made in litigating the one allowed, or those disallowed. The county court denied costs to the plaintiff, and allowed costs to the defendant during the pendency of the suit. *Held*, matter of discretion in the county court, and that there was no error.

BOOK ACCOUNT. The plaintiff claimed to recover $10 for labor for the defendant's son, $10 for labor for the defendant, and $40 for a pair of harnesses sold the defendant. It appeared before the auditor that the defendant brought an action of general assumpsit against the plaintiff before one Perley, a justice of the peace, wherein he recovered judgment against the plaintiff for $12.30, from which no appeal was taken. The defendant claimed that the last two items of the plaintiff's account were adjudicated in that suit, and proved said judgment as a bar thereto, and as an offset to the first item, against the plaintiff's objection. The auditor found that both parties appeared in that suit, and that the defendant therein orally pleaded a settlement, but claimed no offset, and told the justice that he submitted no question for his determination except as to said settlement, that if he found a settlement, he claimed his costs, otherwise, he admitted that the plain-

2

tiff should have judgment, as he did not go for any thing due him; that the justice notwithstanding, allowed the plaintiff the last two items of his account presented before the auditor, at $50, by way of offset, because he found them credited to the plaintiff on the defendant's book, and not because the plaintiff presented them for allowance; that the plaintiff in that suit was allowed $14 for moving the plaintiff in this suit to Plainfield, in regard to which the latter then testified on cross-examination, that the defendant was to move him to Plainfield and give him $40 in money for the harnesses, which the defendant denied, and claimed he was to give only the $40 for the harnesses. The plaintiff claimed the same before the auditor, and the auditor found the fact accordingly, and that the $14 was wrongly allowed by the justice, and he deducted that sum from $20 which the plaintiff had otherwise received towards the harnesses, and allowed the plaintiff's account, less $6, at $60.57, unless said judgment was a bar, and could be offset as claimed, in which event he deducted the amount of said judgment from the $14, and allowed the balance, with interest, at $1.87; but if said judgment was a bar, but could not be offset, he allowed the first item of the plaintiff's account and the $14 with interest, at $26.40. The defendant was allowed to show before the auditor by the testimony of the justice, against the plaintiff's objection, how said judgment was made up, what items were allowed and what disallowed, and how the $50 came to be allowed in offset.

The defendant pleaded said judgment in offset during the term at which the auditor's report was filed. The court, at the September term, 1873, PECK, J., presiding, allowed the first item of the plaintiff's account at $11.10, and disallowed the other two items, and allowed said judgment in offset at $13.30, and rendered judgment on the report for the defendant for $2.10 damages, and costs; to which the plaintiff excepted.

The plaintiff claimed to recover costs up to the term the plea in offset was filed, and the defendant claimed to recover costs during the pendency of the suit, and that the plaintiff be allowed no costs. It was agreed that no more costs were made in trying all the items of the plaintiff's account than would have been made in trying the

Gilbert *v.* Earl.

two which were disallowed; and that no more were made before the auditor than would have been made in trying the one which was allowed; and that the final hearing was not delayed because the plea in offset was not sooner filed. The plaintiff filed no formal replication to the plea in offset, but the defendant introduced a copy of the record of the judgment pleaded, without objection. The court adjudged as to costs as claimed by the defendant. The plaintiff excepted to the disallowance of costs to him, and to the allowance of costs to the defendant before the term at which the plea in offset was filed.

*S. C. Shurtleff*, for the plaintiff.

The last two items of the plaintiff's account are not barred by the justice's judgment; they were not pleaded or presented in offset, and were not before the justice for adjudication. In order to be barred by that judgment, the burden of proof is upon the defendant to show that they were presented in offset. *Seddan et al.* v. *Tutop*, 6 T. R. 607; *Squires* v. *Whipple*, 2 Vt. 111; *Stearns* v. *Admr. of Stearns*, 32 Vt. 678. The most the defendant can claim is, that the $50 allowed the plaintiff in offset should be treated as payment *pro tanto* on the plaintiff's claim. If a justice or a party allow a defendant a claim in offset without the defendant's knowledge, in order to be a bar, the *whole* claim should be allowed, otherwise it would be a fraud. The testimony of the justice was improperly admitted.

The court below erred on the question of costs. Gen. Sts. ch. 33, § 17; *Philbrick* v. *Philbrick*, 27 Vt. 786; *Brainard* v. *Casey et al.* 37 Vt. 479.

*H. E. Carter*, for the defendant.

The last two items of the plaintiff's account were fully adjudicated in the suit before the justice. It was a matter fully within his jurisdiction to try and determine. The plaintiff is therefore estopped by the judgment of the justice from recovering these items; for it is a well settled principle of law, that when a matter of fact has been once adjudicated and determined by a judicial tribunal having competent jurisdiction, all parties and privies

thereto are forever concluded and estopped from further litigating the same fact anew. *Squires* v. *Whipple*, 2 Vt. 111; *Carpenter* v. *Pier*, 30 Vt. 81; *Atwood* v. *Robbins*, 35 Vt. 530. The offset was properly allowed in that suit. *Harrington* v. *Hall*, 2 Aik. 175.

The court was correct in allowing to the defendant full costs. This case does not come within § 17, ch. 33, of the Gen. Sts. The plaintiff made no replication to, and joined no issue on, the plea in offset, but admitted it; therefore the defendant is entitled to recover full costs. *Ainsworth* v. *Drew*, 14 Vt. 563; *Brainard* v. *Casey*, 37 Vt. 479. The defendant could not make his judgment an item of book account before the auditor, and could only take advantage of it by direct plea in offset; and a final balance having been found due the defendant, he is entitled to recover full costs. *Ainsworth* v. *Drew*, *supra*.

The opinion of the court was delivered by

BARRETT, J.   It appears that justice Perley, in point of fact, considered and adjudicated the last two items of the plaintiff's account for which he claims to recover in the present suit. It is true that this plaintiff did not present them as defendant in that suit.   Yet, as they were found credited to him on this defendant's book as plaintiff in that suit, in finding the balance between them in that suit, said two items were made the subject of inquiry and testimony by both parties in the trial before said justice. This plaintiff was therefore cognizant of the fact of such adjudication by said justice, and did not appeal therefrom.   He must therefore be regarded as having acquiesced in the making of such adjudication, notwithstanding what he had said as to not submitting any matter of claim in his own favor to be tried in that case. This being so, of course that judgment is conclusive as to all matters upon which it was predicated.   Where the record does not show specifically those matters, it is proper, and is common practice, to show them by evidence *aliunde* the record.   Of course then that judgment would bar said two items as matters of claim in this suit, and would be proper as an offset to that item of the

plaintiff's claim that was not embraced in that judgment. Authorities need not be cited upon these propositions.

The subject of costs presents only a question of apportionment. All the items of plaintiff's account were litigated before the auditor. On two of them he failed; on one he prevailed. Thus far then there was no ground for apportionment in his favor. He was not subjected to any delay by the offset not having been filed at an earlier day. He is just as well off as if it had been filed the first term the cause was entered in court. That offset defeated his recovery, and gave a balance for the defendant. It is not apparent that the county court committed any error in law in disposing of the subject of costs. As it is presented in this case, it was properly a matter for the discretion of the court; and the exercise of it was not contrary to the statute referred to, and was consistent with what has been held by this court in the cases referred to. 27 Vt. 786; 35 Vt. 38.

Judgment affirmed.